# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Geoffrey J. Gempeler, | Civil No. 08-5094 (DWF/RLE) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Federal Deposit Insurance Corporation, as receiver for First Integrity Bank, N.A., a Minnesota corporation; K. Patrick Kruchten; Bruce Carr; Marco Cat, L.L.P., a Minnesota partnership; and TCK, L.L.P., a Minnesota partnership, | |
| Defendants. | |

---

Anthony N. Kirwin, Esq., John C. Eckman, Esq., Mark H. Zitzewitz, Esq., and Randall J. Pattee, Esq., Lindquist & Vennum PLLP, counsel for Plaintiff.

Kevin D. Hofman, Esq., Halleland Lewis Nilan & Johnson, PA, counsel for Defendant Federal Deposit Insurance Corporation.

K. Patrick Kruchten, *Pro Se*, Defendant.

Bruce Carr, *Pro Se*, Defendant.

---

## INTRODUCTION

This matter is before the Court on Plaintiff Geoffrey J. Gempeler's motion for partial summary judgment (Doc. No. 78). For the reasons stated below, this Court orders default judgment against Defendants Carr and Kruchten on Count V of the First Amended Complaint and denies Plaintiff's motion as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

Gempeler originally filed this action in November 2006 in Minnesota state court against Defendants First Integrity Bank, N.A., Marco Cat, L.L.P., TCK, L.L.P., K. Patrick Kruchten, and Bruce Carr, regarding the financing of a failed real estate development in Florida. (Doc. No. 1.) First Integrity's Answer included a counterclaim against Gempeler. (Doc. No. 2.)

The Federal Deposit Insurance Corporation ("FDIC") was substituted for First Integrity Bank after the FDIC directed that First Integrity be placed into receivership. The FDIC removed the action to federal court in September 2008. This Court ordered default judgment against Marco Cat and TCK after their counsel withdrew and they failed to retain substitute counsel and failed to otherwise defend or participate in the action. (Doc. No. 73.) Accordingly, only Kruchten and Carr (along with the FDIC) remain as Defendants.

On October 1, 2009, Gempeler moved for partial summary judgment against Kruchten and Carr on Count V of the First Amended Complaint. (Doc. No. 78.) The hearing was set for November 24, 2009. (Doc. No. 79.) Neither Defendant filed a timely response. Rather, on November 20, 2009, just days before the duly-noticed hearing, each submitted an affidavit in opposition to the motion. (Doc. Nos. 85, 87.) Carr explained that he did not receive the summary judgment materials until November 13, 2009 because he had been away on business from his Florida residence, the address of which was on file with the Court and where Plaintiff duly served him. (Doc. No. 84.) Kruchten stated

2

that he had learned of the motion only from Carr and identified a different Florida address from that on file with the Court, suggesting that Gempeler served him at his former address. (Doc. No. 86.) Each also requested that the hearing be postponed. (Doc. Nos. 84, 86.)

The Court proceeded with the hearing, at which Carr appeared *pro se*. Kruchten did not appear, claiming he had business plans requiring him to travel outside of the United States. This Court ordered the summary judgment hearing continued until December 21, 2009. (Doc. No. 89.)

At the December 21, 2009 hearing, Carr and Kruchten both appeared *pro se*. Gempeler maintained his position that he was entitled to summary judgment on Count V because he had properly served Carr and Kruchten at their addresses of record, neither had filed any timely opposition to the motion, and the affidavits that they did file were both belated and inadequate in that they failed to reference any portion of the record. The Court took the matter under advisement.

A settlement conference was scheduled for January 11, 2010. Carr appeared, but Kruchten did not, having previously written the Magistrate Judge "requesting to be excused from participating in the proposed settlement conference." (Doc. No. 94.) The Magistrate Judge informed Kruchten that he was "under a direct Order . . . to personally attend that Settlement Conference," and that any failure to attend could result in sanctions including default. (Doc. No. 95.) The settlement conference, not surprisingly, was unsuccessful. (Doc. No. 100.)

3

In the interim, this Court had filed its trial notice Order notifying all parties that the action was deemed ready for trial as of February 1, 2010, and directing that all parties "shall" submit their pre-trial materials no later than January 19, 2009. (Doc. No. 90.) The Court directed that "[a]ll documents shall be e-filed, e-mailed, and delivered by **4:30 p.m.** on their respective due date." (*Id.* (emphasis in original).) Finally, the Court expressly warned that "[t]he failure of any party to comply with the procedures outlined herein shall result in the imposition of an appropriate sanction." (*Id.*)

Gempeler filed his pre-trial materials on January 19, 2009. Neither Carr nor Kruchten, however, filed any of the required pre-trial materials on the stated due date. Nor did they contact the Court to indicate either that they would not be filing any such materials, that they would be filing such materials late, to request additional time for filing such materials, or otherwise to explain their default. Furthermore, no such materials have been received as of 4:30 p.m., Friday, January 22, 2010. Nor has the Court received any communication from either Carr or Kruchten regarding their noncompliance.

## DISCUSSION

The Federal Rules of Civil Procedure authorize default judgments based on various infractions, shortcomings, abuses, and defaults by a party. Fed. R. Civ. P. 37(b), (d), 55. Here, Gempeler has filed a motion for summary judgment on Count V of the First Amended Complaint. Neither Carr nor Kruchten filed any timely response to the motion. And the late responses they did file consisted merely of affidavits that failed to

reference the record. Although Carr appeared at the initially-scheduled hearing, and both Carr and Kruchten appeared at the continued hearing, "[t]he mere appearance by a defending party, without more, will not prevent the entry of a default for failure to plead or otherwise defend." 10A Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 2682, at 18 (3d ed. 1998). Nevertheless, recognizing that Carr and Kruchten were proceeding *pro se* and accepting in good faith their statements that they wished to defend the action on the merits, this Court exercised its discretion to refrain from granting Gempeler's motion at that time despite Defendants' untimely and inadequate response.

But despite their claims to be taking these proceedings seriously, Carr and Kruchten have completely failed to comply with this Court's Order regarding the submission of pre-trial materials. The Court cannot continue to indulge litigants who demonstrate a lack of respect for these proceedings. While both Carr and Kruchten have been proceeding *pro se* since their counsel withdrew, such status "does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure. *Ackra Direct Mktg. Corp. v. Fingerhut*, 86 F.3d 852, 856 (8th Cir. 1996).[1]

In light of their explanation for not timely responding to the summary judgment motion, this Court previously noted that as the first step in complying with all applicable rules and this Court's orders, Carr and Kruchten needed both to keep the Court (and

---

[1] And the fact that they are proceeding *pro se* eliminates any potential unfairness in penalizing a litigant for omissions, abuses, or failures that might be the sole fault of its counsel.

5

opposing counsel) apprised of their current mailing address and then, of course, to monitor their mail.  (The record discloses failures in this record even before Gempeler filed his summary judgment motion.)  Moreover, the pre-trial notice expressly warned that failures to comply would risk an appropriate sanction.  While it did not expressly state that a default judgment would (or could) result, there is, of course, no such requirement.  *Ackra Direct Mktg.*, 86 F.3d at 856 ("[T]here is no requirement that a court warn a party that default may occur.").

The Court will not countenance any further delays, belated filings, inadequate responses or outright failures to comply with this Court's orders.  The action has been pending for some time and the Court previously informed Defendants that it would not defer trial in this matter.  (Doc. No. 89.)  In light of the pending motion for partial summary judgment against them–which was duly supported by exhibits (Doc. No. 81) and in opposition to which they submitted only last-minute affidavits that failed to refer to the record–this Court concludes that a default judgment on Count V in favor of Gempeler is the appropriate sanction.  The Court recognizes that such a judgment should not be routinely ordered, but finds it just under the circumstances here.  *See Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993).

The Court also recognizes that Gempeler is seeking substantial damages (in excess of $800,000) in its summary judgment motion on Count V, but a large monetary award does not render a default judgment inappropriate.  *Ackra Direct Mktg.*, 86 F.3d at 857 (rejecting argument that a $1.2 million default judgment was inappropriate).  And while

Carr and Kruchten claimed they wanted the opportunity to defend against Gempeler's motion on the merits, their actions have not substantiated that claim. In any event, even if the Court assumes they would have a meritorious defense, default judgment is not thereby precluded. *Id.*

In sum, Gempeler cannot be expected to appear for trial only to be forced to shadow box against Defendants in the complete vacuum created by their total failure to submit the pre-trial materials as required by this Court's Order. This Court simply cannot and will not indulge Carr and Kruchten's non-compliance any further.

## CONCLUSION

While *pro se* litigants face extra challenges by representing themselves, they are not thereby relieved of the usual obligations of complying with all applicable rules and the Orders of this Court. Defendants Carr and Kruchten have failed to submit their pre-trial materials as required by this Court's Order and, in fact, have demonstrated a pattern of noncompliance that strongly suggests a lack of respect for the proceedings, if not a willful attempt to delay the action. Genug ist genug. Based on the entire record, the Court concludes that a default judgment on Count V is the appropriate sanction.

Gempeler's claims against the FDIC and the FDIC's counterclaim remain pending, but the Court understands, based on Gempeler's counsel's representations at the hearing, that those claims have been settled at least in principle. Moreover, the Court also understands that Gempeler, if and when he would obtain judgment on Count V, would

7

withdraw his remaining claims against Carr and Kruchten.  Accordingly, the parties shall promptly advise the Court as to whether any issue remains for trial.

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff is entitled to a default judgment against Defendants Carr and Kruchten on Count V of the First Amended Complaint;

2. Plaintiff's motion for partial summary judgment (Doc. No. 78) is **DENIED AS MOOT**; and

3. Plaintiff shall advise the Court by 4:00 p.m., Wednesday, January 28, 2010, as to what issues, if any, including damages, remain for the Court to decide.

Dated:  January 22, 2010                s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge