## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Geoffrey J. Gempeler, | Civil No. 08-5094 (DWF/RLE) |
| Plaintiff, | |
| v. | **FINDINGS OF FACT,** **CONCLUSIONS OF LAW,** **AND ORDER FOR JUDGMENT** |
| K. Patrick Kruchten; Bruce Carr; Marco Cat, L.L.P., a Minnesota partnership; and TCK, L.L.P., a Minnesota partnership, | |
| Defendants. | |

---

Anthony N. Kirwin, Esq., John C. Ekman, Esq., Mark H. Zitzewitz, Esq., and Randall J. Pattee, Esq., Lindquist & Vennum PLLP, counsel for Plaintiff.

K. Patrick Kruchten, *Pro Se*, Defendant.

Bruce Carr, *Pro Se*, Defendant.

---

This matter came before the Court on its order for a bench trial beginning on Tuesday, February 23, 2010 (Doc. No. 110). Defendant K. Patrick Kruchten ("Kruchten") did not appear for the start of the trial, having informed the court via e-mail message that he would not be participating in the trial (Doc. No. 112).

Based on the foregoing, the arguments of counsel, the submissions of the parties, and the record, this Court finds that Defendant Kruchten engaged in fraud with respect to Plaintiff.

In support of that finding, the Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Plaintiff and Defendant Kruchten were partners in partnerships that controlled real estate interests in Marco Island, Florida. (Deposition of K. Patrick Kruchten ("Kruchten Depo.") Exs. 6, 8, 29.)

2. Plaintiff and Defendant Kruchten, among other partners, contributed money to the partnerships, including loans for which the partnerships issued "debentures" associated with those loans. (Kruchten Depo. at 284:22-285:16; Ex. 19.)

3. Beginning in 2004, Defendant Kruchten took significant payments from the partnerships on his debenture and directed payments to other partners while Plaintiff received only nominal payments on his debenture. (Kruchten Depo. at 339:20-340:16; 525:25-526:7; 515:16-516:3; Exs. 125-27.)

4. Defendant Kruchten did not inform Plaintiff that he and others were receiving, at his direction, significantly larger payments from the partnerships than Plaintiff received. (Declaration of Geoffrey Gempeler in Support of Motion for Partial Summary Judgment, ¶ 12.)

5. To the contrary, Defendant affirmatively misrepresented the scope of payments being made to Plaintiff as compared to himself and other partners. Specifically, in making a $50,000 payment to Plaintiff on December 29, 2004, Defendant Kruchten specifically represented that the payment put him "ahead of the curve" relative to

Defendant Kruchten's debenture. (Kruchten Depo. Ex. 76.) That same day, however, Defendant Kruchten received a $355,000 reduction from his debenture, as well as profits from his acquisition of a condominium unit and simultaneous sale of that condominium unit to a third party. (Kruchten Depo. Ex. 140; Deposition of Bruce Carr, Ex. 259.)

6. During 2004 and 2005, Defendant Kruchten improperly profited from real estate transactions involving partnership property. Defendant Kruchten did not inform Plaintiff that he was taking or directing the acquisition of partnership-owned condominium units and personally profiting from real estate transactions involving partnership property. (Kruchten Depo. at 339:20-340:16; 525:25-526:7; 515:16-516:3; Exs. 125-27.)

7. In 2005, Plaintiff paid $59,000 in taxes based on earnings by Marco Cat on property sales made and/or directed by Defendant Kruchten in the amount of $187,895, for which Plaintiff received no benefit. (Kruchten Depo. Ex. 12.)

8. In late 2004, Defendant Kruchten fraudulently acquired a condominium unit from the partnerships and improperly profited from that transaction by inserting himself between the partnerships and third-party purchasers. Defendant Kruchten did not inform Plaintiff of this transaction. (Kruchten Depo. 572:24-573:13; Exs. 139, 140.)

9. Because he was not receiving payments from the partnerships, Plaintiff began to inquire into the sales of partnership property and payments made by and to Defendant Kruchten.

10. In early 2005, Defendant Kruchten sought to remove Plaintiff from the partnerships. Following Defendant Kruchten's execution of an agreement which would remove Plaintiff from the partnerships, Plaintiff was informed that an agreement existed. Based upon the record before the Court, Defendant Kruchten removed Plaintiff from the partnerships to conceal the fact that he was directing others to make improper transactions concerning partnership property. (Kruchten Depo. Exs. 61, 87, 89, 91.)

11. Under the purported agreement, Defendant Kruchten was to purchase Plaintiff's debenture and Plaintiff would be removed from all partnership business and interests. (Kruchten Depo. Ex. 61.)

12. Defendant Kruchten made statements, on which Plaintiff reasonably relied, that such an agreement existed. (Kruchten Depo. Exs. 61, 87, 89, 91, 96, 98, 100, 102, 103, 104, 108, 109, 112.)

13. As required by the agreement, Plaintiff's debenture was reduced to zero and the transaction was reflected in the partnerships' property taxes. (Kruchten Depo. Exs. 11-12.)

14. Defendant Kruchten performed or directed to be performed all terms of the agreement except for paying Plaintiff the money he owed under the purported agreement. (Kruchten Depo. Exs. 11, 12, 92, 100, 104, 125, 126, 127.)

15. Plaintiff removed himself from the partnership and ceased inquiring into the status of payments and property.

16. In mid-2006, when it came time to pay Plaintiff under the purported agreement, Defendant Kruchten denied the existence of any agreement and caused Plaintiff's debenture to be returned to the partnership books. (Kruchten Depo. 499:15-500:14; Ex. 118.)

17. The agreement was not fully executed, the fact of which Defendant Kruchten intentionally failed to inform Plaintiff.

18. By the time Plaintiff's debenture was restored on the books of Marco Cat, and due in large part to the actions of Defendant Kruchten, the partnerships had no funds or property with which to satisfy Plaintiff's debenture. (Kruchten Depo. at 342:6-343:4.)

19. In 2004 and 2005, Defendant Kruchten took in excess of $718,547 in payments from the partnerships, which have not been returned, and directed millions of dollars to others. (Kruchten Depo. Exs. 125-27.)

20. Defendant Kruchten did not inform Plaintiff of the payments he received from the partnerships and was directing to other partners.

21. Based on the size of Plaintiff's debenture relative to Defendant Kruchten and other partners, Plaintiff would have been entitled to substantial sums of money that were paid to Defendant Kruchten and other partners.

22. Plaintiff's debenture was worth in excess of $880,000 at the time Defendant Kruchten purportedly reinstated it.

23. In addition to his debenture, Plaintiff invested an additional $300,000 in the partnerships.

24. That any conclusion of law which may be deemed a finding of fact is incorporated herein as such.

Based upon the above Findings of Fact, the Court now makes its:

## CONCLUSIONS OF LAW

1. Defendant Kruchten had a duty to disclose to Plaintiff material information concerning partnership debenture payments and profits taken from fraudulent transactions concerning partnership property. *Richfield Bank & Trust Co. v. Sjogren*, 244 N.W.2d 648, 650 (Minn. 1976). Defendant Kruchten breached his duty of disclosure to the Plaintiff.

2. Further, Defendant Kruchten obtained money and property of Plaintiff and of the partnerships in which plaintiff was a partner by false pretenses, false representations, and actual fraud.

3. Defendant Kruchten made false representations and engaged in fraud in connection with a purported agreement to remove Plaintiff from the partnerships.

4. At the time Defendant Kruchten made these representations, Defendant Kruchten knew them to be false.

5. Defendant Kruchten made his representations concerning the purported agreement with the intention and purpose of deceiving Plaintiff and to induce him to give up his interests in the partnerships.

6. Defendant Kruchten made representations to Plaintiff that induced Plaintiff to pay $59,000 in taxes based on earnings by Marco Cat on property sales made and/or

6

directed by Defendant Kruchten in the amount of $187,895, for which Plaintiff received no benefit.

7. Plaintiff reasonably relied on the representations of his partner, Defendant Kruchten.

8. Plaintiff sustained damages as a proximate result of the misrepresentations in the amount of $786,448.87.

9. Defendant Kruchten also possessed material facts concerning the parties' purported agreement and partnership assets that they had a duty to disclose to Plaintiff.

10. Defendant Kruchten's duty to disclose this information to Plaintiff arose under two "special circumstances" outlined in *Richfield Bank & Trust Co. v. Sjogren*, 244 N.W.2d 648, 650 (Minn. 1976).

11. Defendant Kruchten concealed from and failed to disclose to Plaintiff material information concerning partnership debenture payments, the recapitalization agreement, and profits taken from fraudulent transactions concerning partnership property in violation of his fiduciary duty and in violation of his duty to disclose information, without which, his affirmative statements were misleading.

12. Defendant Kruchten made representations concerning the existence and enforceability of an agreement by which Plaintiff would be removed from the partnerships.

13. Defendant Kruchten engaged in fraud and fraud by omission by not disclosing information concerning the lack of any agreement and his intention to not perform that agreement.

14. Based upon the findings and conclusions of this Court that Defendant Kruchten was in a fiduciary relationship with Plaintiff, the Court finds that the actions of Defendant Kruchten, as outlined in the above Findings of Fact and Conclusions of Law, constitute not only fraud, based upon the affirmative representations that Defendant Kruchten made at the time in question, but also fraud by omission by concealing information from the Plaintiff.

15. Based upon the findings and conclusions of this Court that Plaintiff has suffered damages caused by the fraudulent actions of Defendant Kruchten, the Court finds and concludes that those damages are as follows: $836,448.87, which was the amount of Plaintiff's debenture at the time he was removed from the partnerships by Defendant Kruchten's fraud, $55,051.42 in lost interest on that debenture following its removal from the books of the partnerships, $300,000 for his additional contributions to the partnerships, and $59,000 for taxes paid by Plaintiff for sale of partnership assets for which he received no benefit, the total of which is $1,250,500.29.

16. That any finding of fact that is deemed a conclusion of law is incorporated herein as such.

Based upon the above Findings of Fact and Conclusions of Law, the Court now enters the following:

**ORDER**

1. That consistent with the Findings of Fact and Conclusions of Law, Plaintiff Geoffrey J. Gempeler is entitled to a judgment of this Court in the amount of $1,250,500.29.

**LET JUDGMENT BE ENTERED ACCORDINGLY AS TO DEFENDANT K. PATRICK KRUCHTEN.**

Dated: February 25, 2010
                    s/Donovan W. Frank
                    DONOVAN W. FRANK
                    United States District Judge